## Medlock v. Isaacs.

(Decided October 13, 1911.)

### Appeal from Jackson Circuit Court.

1. Cross Examination—Extent—Discretion of Court.—The circuit court has a wide discretion as to the extent to which cross-examination may be carried, and a judgment will not be reversed unless there is a palpable abuse of discretion in the allowance of the cross examination.

2. Instructions—Item of Damage—Omission.—The jury having found that there was no contract between the plaintiff and the defendant, it is not reversible error that the court omitted from his instructions an item of damages on which the jury could not have found for the plaintiff unless they had found that there was a contract between the plaintiff and the defendant.

3. Contract—Evidence—Relevancy.—The question being whether there was a contract between the plaintiff and the defendant for certain work done by her as a member of the family, the fact

that the plaintiff made a contract with the head of the family
for the work, and paid the head of the family for it, the payments
being made with the knowledge of the plaintiff and without ob-
jection by her, is relevant on the question whether there was a
contract between the plaintiff and the defendant.

J. R. LLEWLLYN, J. C. CLOYD for appellant.

W. H. CLARK and A. W. BAKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Mattie Medlock brought this suit against William
Isaacs alleging in her petition that she had boarded,
clothed and taken care of his infant child from May 1,
1904, to February 28, 1909, at his request; that he had
agreed to pay her a reasonable compensation for her
services, and that $2.50 a week was a reasonable com-
pensation. He filed an answer controverting the allega-
tions of the petition. There was a trial of the case which
resulted in the jury failing to agree. At the next term
of the court, she amended her petition, and struck out
so much of it as claimed compensation for board and
washing for the child, and alleged that the defendant
agreed to pay her for her services in keeping, caring for
and waiting on the child, and that he also promised to
pay the girl hire to enable her to give her time and atten-
tion to the child. Isaacs filed an answer controverting
the allegations of the amended petition, and pleaded that
Mattie Medlock resided with her father, John Medlock;
that all the services she rendered were rendered as a
member of John Medlock's family and for him; that he
had a contract with John Medlock to take care of the
child, and that he had paid John Medlock for the ser-
vices, and that he had no contract with Mattie Medlock.
The case was tried again before a jury who returned a
verdict for the defendant. Mattie Medlock appeals.

The proof on the trial showed that William Isaacs
was the son-in-law of John Medlock, his wife being the
sister of Mattie Medlock, and that they lived just across
the road from her father and his family. Mattie Medlock
living with her father. Mrs. Isaacs died in April, 1904,
leaving a daughter ten months old. At request of Mrs.
Medlock and her husband, Isaacs, after the burial of his
wife, went with his child to their house and the child re-
mained there until after Isaacs married again in the

year 1909. Mattie Medlock was living as a member of her father's family and she took charge of the child. She testified that Isaacs made a contract with her as set out in her petition, and her mother gave evidence sustaining her. On the other hand, Isaacs testified that he had made no such contract; that he did make a contract of that sort with her father, the head of the family, and that he had paid John Medlock for the services, producing checks showing that he had paid John Medlock in one way or another between $500 and $600. The evidence was conflicting and we cannot say the verdict of the jury is against the weight of the evidence when all the circumstances are considered.

It is insisted that the court erred in allowing the attorney for the defendant to cross-examine the plaintiff as to why she had changed her petition and struck out the claim for board and washing; but we do not see that there was any abuse of discretion in this matter, and the extent to which a cross-examination should be allowed, is a matter on which the trial court has a wide discretion. It is also insisted that the court erred in refusing to submit to the jury the question whether Isaacs agreed to pay the girl hire to enable the plaintiff to give her time and attention to the child. The plaintiff alleged that she had spent $50 in this way. But the contract as to the girl hire was simply a part of the contract to take care of the child. The jury found under the instructions of the court that Isaacs did not make the contract with Mattie Medlock, and if the matter of the girl hire had been included in the instruction of the court, it could have had no effect on the result as the verdict of the jury under the instructions which the court gave, was a finding that there was no contract made by Isaacs with Mattie Medlock.

It is also insisted that the court erred in allowing Isaacs to read to the jury certain letters that John Medlock had written him. It was proper for Isaacs to show that he had a contract with the head of the family to take care of his child, and that he had paid the head of the family for the services for which he was sued by Mattie Medlock. The payments were made from time to time and the circumstances were such as to render it hard to believe that Mattie Medlock did not know that Isaacs was paying the money to her father, and looking to him as the person who was taking care of his child.

The check showed that he had paid the money as he testified he had done, and the letters which he had received from John Medlock confirmed his testimony. The child had been kept in the family and taken care of. Isaacs was in duty bound to take care of his child and provide for her. The fact that he was providing for her and paying the head of the family for what she received, without objection from Mattie Medlock, was a circumstance to be considered by the jury on the question whether he had made the contract which Mattie Medlock claimed under, especially when the child had remained there for nearly five years and no claim was legally asserted against him until after he married a second time. The letters and checks stand on same plane.

Judgment affirmed.